

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-83,971-01

### EX PARTE JOHN ALLEN ENGLISH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 32068A-CC IN THE COUNTY COURT AT LAW
### FROM KAUFMAN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of manslaughter and two counts of aggravated assault with a deadly weapon. He entered a plea at the punishment stage in exchange for three forty-year sentences, to run concurrently. The Fifth Court of Appeals dismissed his appeal for want of jurisdiction. *English v. State*, No. 05-15-00618-CR (Tex. App. — Dallas, May 18, 2015) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance and that his plea at the punishment stage was not knowingly and voluntarily entered. Applicant alleges that his counsel was ineffective because she did not seek dismissal of the charges when the State allowed the vehicle involved in the fatal wreck to be destroyed, preventing Applicant from obtaining exculpatory evidence to demonstrate that it was his girlfriend, and not Applicant who was driving at the time of the wreck.

Applicant alleges that counsel should have requested a competency evaluation, based on Applicant's history of MHMR treatment, and the head injuries he suffered in the wreck. Applicant alleges that counsel should have presented evidence of his treatment by a psychologist while he was in Kaufman County Jail awaiting trial.

Applicant alleges that counsel did not sufficiently consult or communicate with him prior to trial, and advised him that she did not need to interview him because he would not be testifying at trial.

According to Applicant, there was evidence and witnesses who could have testified that his girlfriend's family members believed that she had been driving at the time of the wreck, and not Applicant. In addition, Applicant alleges that another inmate at the jail told him and another witness that the wreck had been arranged as a "hit" on his girlfriend in retaliation for her services as an informant. Applicant alleges that counsel should have advanced this theory and called witnesses to testify about it at trial.

Applicant alleges that counsel failed to challenge unreliable evidence presented by the State. According to Applicant, counsel should have pointed out contradictory evidence regarding

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

Applicant's position when he was found after the wreck, and should have challenged testimony by family members of his girlfriend regarding finding her shoes under the passenger-side dashboard after the State's investigators had processed the vehicle.

Applicant alleges that he was convinced to enter a plea at the punishment stage by counsel's assertion that he would likely receive 99-year consecutive sentences if he went to the jury for punishment. He also alleges that neither counsel nor the trial court properly advised him that by entering a plea at punishment, he was waiving the right to challenge errors occurring during the guilt/innocence stage of trial. Applicant alleges that counsel abandoned him after sentencing, and did not advise him or assist him in filing a motion for new trial or notice of appeal.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with copies of the trial records, including the clerk's record and reporter's record. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if

so, whether counsel's deficient performance prejudiced Applicant. The trial court shall make findings as to whether Applicant's plea at the punishment stage was knowingly and voluntarily entered, with a full understanding of the nature and consequences of that plea. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 28, 2015
Do not publish